Julius Weisstein, Plaintiff, *v.* Freeman's Wines & Liquors, Inc., Defendant.

Supreme Court, Special Term, New York County, October 6, 1938.

*S. Groshut,* for the plaintiff.

*Max Ornstein,* for the defendant.

LAUER, J. This is an action brought by the plaintiff, a retail liquor dealer, against the defendant, a competitor retail liquor dealer. In the action plaintiff sought an injunction restraining the defendant from violating the provisions of chapter 976 of the Laws of 1935 (McKinney's Unconsol. Laws, § 2201 *et seq.*), commonly referred to as the Fair Trade Act, alleging that the defendant had in fact undersold the products which had been price-fixed by agreement, of which the defendant had knowledge. The defendant's denials put these allegations in issue. After a trial in which the signing of formal findings of fact and conclusions of law have been waived, it was established and the court found as a fact that the defendant had undersold certain specified products of various distillers which were so price-fixed with his knowledge. The plaintiff presents for signature a judgment, of which the defendant complains as being too sweeping. In his prayer for relief the plaintiff sought an injunction restraining the defendant from selling at prices less than those fixed by contracts any of the products of certain named distillers. The judgment submitted is in conformity with that prayer. The defendant's objection is that since the proof established the underselling only in connection with certain products of some of the enumerated distillers, the final injunction should be limited to restraining him from underselling such limited products.

This court cannot agree with the defendant's contention. The purpose of chapter 976 of the Laws of 1935 (Fair Trade Act) is to protect all persons who fall within the orbit of its beneficence. This law was designed to prevent destructive price wars among retailers, such conduct being considered unfair competitive practice. A retailer may enforce the provisions of the act against another retailer. (*Port Chester Wine & Liquor Shop, Inc.*, v. *Miller Bros.*, 253 App. Div. 188.) Since the defendant is prohibited by the provisions of the act from underselling any of the products sold by the enumerated distillers which have been price-fixed pursuant to contract, he cannot be injured by this judgment, which in no manner increases the burden placed upon him by law. The plaintiff, on the other hand, having established that he has already been damaged by the defendant's violations of the provisions of the act, need not confine himself to relief concerning those specific products which, the proof at this trial established that the defendant had been underselling, and then seek further relief in a future action should the defendant undersell other products similarly price-fixed by the same distillers. He is entitled upon the proof adduced here to a judgment in accordance with his prayer for relief.

Judgment signed.